IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FILED

NOV 12 2019

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

MARIO MONDESIR
FORKPA HOWARD

Criminal No. 19-341
(18 U.S.C. §§ 371, 472)

**INDICTMENT MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Jessica Lieber Smolar, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A federal grand jury returned an eleven-count Indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|---|---|---|---|
| 1 | Conspiracy to commit offense against the United States<br>On or about August 29, 2019 | 18 U.S.C. § 371 | MONDESIR<br>HOWARD |
| 2-5 | Passing and uttering counterfeit money, obligations or securities<br>On or about August 29, 2019 | 18 U.S.C. § 472 | MONDESIR |
| 6-9 | Passing and uttering counterfeit money, obligations or securities<br>On or about August 29, 2019 | 18 U.S.C. § 472 | HOWARD |

| | | | |
|---|---|---|---|
| 10 | Possessing and concealing counterfeit money, obligations or securities<br>On or about August 29, 2019 | 18 U.S.C. § 472 | MONDESIR |
| 11 | Possessing and concealing counterfeit money, obligations or securities<br>On or about August 29, 2019 | 18 U.S.C. § 472 | HOWARD |

## II. ELEMENTS OF THE OFFENSES

### A. As to Count 1:

In order for the crime of Conspiracy to Commit Offense Against the United States, in violation of 18 U.S.C. § 371, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two or more persons agreed to commit offenses against the United States, as charged in the indictment;

2. That the defendant was a party to or member of that agreement;

3. That the defendant joined the agreement or conspiracy knowing of its objectives to commit offenses against the United States and intending to join together with at least one other alleged conspirator to achieve those objectives; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve objectives, to commit offenses against the United States; and

4. That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

Third Circuit Model Criminal Jury Instruction, 6.18.371A.

**B. As to Counts 2 through 9:**

In order for the crime of Passing and Uttering Counterfeit Money, Obligations or Securities, in violation of 18 U.S.C. § 472, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant passed, uttered, published or attempted to pass, utter or publish a falsely made, forged, counterfeited or altered obligation or security of the United States.

> United States v. DeFilippis, 637 F.2d 1370 (9th Cir. 1981); United States v. Hill, 801 F.2d 356 (8th Cir. 1986); United States v. Drumright, 534 F.2d 1383 (10th Cir. 1976); 1 L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶21.03 (1989).

2. That the defendant knew at the time that the obligation was falsely made, forged, counterfeited or altered.

> United States v. DeFilippis, 637 F.2d 1370 (9th Cir. 1981); United States v. Combs, 672 F.2d 574 (6th Cir. 1982); United States v. Bishop, 534 F.2d 214 (10th Cir. 1976); 1 L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶21.03 (1989).

3. That the defendant acted willfully and with the intent to defraud.

> United States v. Finnerty, 470 F.2d 78 (3d Cir. 1972); United States v. Meisch, 370 F.2d 768 (3d Cir. 1966); United States v. DeFilippis, 637 F.2d 1370 (9th Cir. 1981); United States v. Perez, 698 F.2d 1168 (11th Cir. 1983); United States v. Drumright, 534 F.2d 1383 (10th Cir. 1976); 1 L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶21.03 (1989).

**C. As to Counts 10 and 11:**

In order for the crime of Possessing and Concealing Counterfeit Money, Obligations or Securities, in violation of 18 U.S.C. § 472, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant possessed or concealed a falsely made, forged,

counterfeited or altered obligation or security of the United States.

> United States v. Pitts, 508 F.2d 1237 (8th Cir. 1974); United States v. Rodriquez, 761 F.2d 1339 (9th Cir. 1985); 1 L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶21.04 (1989).

2. That the defendant knew it was falsely made, forged, counterfeited or altered.

> United States v. Pitts, 508 F.2d 1237 (8th Cir. 1974); United States v. Perez, 698 F.2d 1168 (11th Cir. 1983); United States v. Rodriquez, 761 F.2d 1339 (9th Cir. 1985); 1 L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶21.04 (1989).

3. That the defendant acted with the intent to defraud.

> United States v. Pitts, 508 F.2d 1237 (8th Cir. 1974); United States v. Perez, 698 F.2d 1168 (11th Cir. 1983); United States v. Rodriquez, 761 F.2d 1339 (9th Cir. 1985); 1 L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶21.04 (1989).

## III. PENALTIES

**A. As to Count 1: Conspiracy to Commit Offense Against the United States (18 U.S.C. § 371):**

1. Individuals - The maximum penalties for individuals are:

   (a) imprisonment of not more than 5 years (18 U.S.C. § 371);

   (b) a fine not more than the greater of;

   (1) $250,000 (18 U.S.C. § 3571(b)(3));

   or

   (2) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

(c) a term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

(d) Any or all of the above.

**B. As to Counts 2-9: Passing and Uttering Counterfeit Money, Obligations or Securities (18 U.S.C. § 472):**

1. Individuals - The maximum penalties for individuals are:

(a) imprisonment of not more than 20 years (18 U.S.C. § 472);

(b) a fine not more than the greater of:

(1) $250,000 (18 U.S.C. § 3571(b)(3));

or

(2) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

(c) a term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

(d) Any or all of the above.

**C. As to Counts 10-11: Possessing and Concealing Counterfeit Money, Obligations or Securities (18 U.S.C. § 472):**

1. Individuals - The maximum penalties for individuals are:

(a) imprisonment of not more than 20 years (18 U.S.C. § 472);

(b) a fine not more than the greater of:

(1) $250,000 (18 U.S.C. § 3571(b)(3));

or

(2) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

(c) a term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

(d) Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution may be required in this case as to Counts One to Eleven, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. FORFEITURE

As provided in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

JESSICA LIEBER SMOLAR
Assistant U.S. Attorney
PA ID No. 65406